IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KANE ALLEN GOTT, JR.                                                              PLAINTIFF

v.                                    Civil No. 3:25-cv-03026-TLB-CDC

COURTNEY TILTON
(LPN, Boone County Detention Center);
And TAMMY LANGLEY
(LPN, Boone County Detention Center)                                       DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions

of 28 U.S.C. § 636(b)(1) and (3), Chief U. S. District Judge Timothy L. Brooks referred this case

to the undersigned for the purpose of making a Report and Recommendation.  The matter is before

the Court due to Plaintiff's failure to obey Orders and failure to prosecute his case.

### I.  BACKGROUND

Plaintiff filed his Complaint on April 24, 2025.  (ECF No. 1).  He was granted *in forma*

*pauperis* (IFP) status the same day.  (ECF No. 3).  In the order granting IFP status, Plaintiff was

advised that he must inform the Court of any address change within 30 days of such change, or his

case would be subject to dismissal.  (*Id*.).

Defendants filed a Joint Motion to Dismiss on August 8, 2025.  (ECF No. 13).  On August

12, 2025, the Court directed Plaintiff to file an Amended Complaint or respond to the Motion to

Dismiss.  (ECF No. 15).  Plaintiff filed an Amended Complaint on August 22, 2025.  (ECF No.

18).  Defendants filed a second Joint Motion to Dismiss on September 12, 2025.  (ECF No. 20).

Plaintiff responded on September 30, 2025, (ECF No. 26), followed by another Response on

November 7, 2025.  (ECF No. 34).  Defendants replied on November 13, 2025.  (ECF No. 35).

1

Subsequently, on December 4, 2025, Defendants submitted a Notice of Returned mail. (ECF No. 36).  They state that they mailed pleadings to Plaintiff in care of the Boone County Detention Center on November 13, 2025, but that the mail was returned undeliverable, indicating that Plaintiff was no longer at the facility. (*Id*.).

On December 5, 2025, the undersigned entered an Order directing Plaintiff to communicate with the Court.  (ECF No. 37).  The Order was mailed to the Boone County Jail.  (*Id*.).  Plaintiff replied on December 16, 2025, stating he was still incarcerated in the Boone County Jail, and he did not know why jail staff returned the mail.  (ECF No. 38).  On January 5, 2026, mail previously sent to Plaintiff was returned as undeliverable, indicating Plaintiff was no longer at the facility. (ECF No. 39).  This prompted the staff attorney assigned to the case to call the Boone County Jail on January 6, 2026; the attorney learned Plaintiff was no longer an inmate. Jail staff believed that Plaintiff had been transferred to the Arkansas Division of Correction.

To date, Plaintiff has not informed the Court of his new address.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the

court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.  ANALYSIS

More than sixty (60) days have passed since Plaintiff's mail was returned to the Court. Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2) and has failed to comply with a Court Order.   Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 18) be DISMISSED WITHOUT PREJUDICE.

*Referral Status*: This case should NOT remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 16th day of March 2026.

*Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

3